[Cite as *State v. Tyler*, 2024-Ohio-2553.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30005 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 02416 |
| | : | |
| RONNIE L. TYLER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 3, 2024

. . . . . . . . . . .

MICHAEL O. MILLS, Attorney for Appellant

MATHIAS H. HECK, JR., by NATHAN B. VANDERHORST, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Ronnie L. Tyler appeals from his conviction following guilty pleas to charges of aggravated assault and gross sexual imposition.

{¶ 2} In his sole assignment of error, Tyler contends the trial court committed plain error at sentencing by classifying him as a Tier II sex offender rather than a Tier I sex

offender. For its part, the State concedes error, acknowledging that Tyler's specific gross-sexual-imposition conviction made him a Tier I offender.

{¶ 3} We agree that the trial court committed plain error by incorrectly classifying Tyler as a Tier II sex offender. Its judgment will be reversed on that issue, and the case will be remanded for him to be classified as a Tier I offender.

## I. Background

{¶ 4} Following his indictment on more serious rape charges, Tyler pled guilty to a bill of information charging him with two fourth-degree felonies: aggravated assault and gross sexual imposition. The latter charge alleged a violation of R.C. 2907.05(A)(1), which prohibits an offender from purposely compelling another person who is not the offender's spouse to submit to sexual contact by force or threat of force. Under R.C. 2950.01(E)(1)(c), a defendant who pleads guilty to violating R.C. 2907.05(A)(1) is a Tier I sex offender.

{¶ 5} In the proceedings below, the trial court stated that Tyler's gross-sexual-imposition offense made him a Tier II sex offender. His plea form contained the same information. After accepting Tyler's guilty plea, the trial court sentenced him to community-control sanctions and classified him as a Tier II sex offender. Tyler raised no objection to his Tier II designation.

## II. Analysis

{¶ 6} Tyler and the State agree that the trial court committed plain error at sentencing by classifying him as a Tier II sex offender. Based on his conviction for gross sexual imposition in violation of R.C. 2907.05(A)(1), the State concedes that he should

have been classified as a Tier I sex offender under R.C. 2950.01(E)(1)(c). We agree.

**{¶ 7}** Plain error under Crim.R. 52(B) requires the existence of an obvious error that affected the outcome of the proceedings below. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 36. In light of the foregoing statutes, the trial court committed an obvious error by classifying Tyler as a Tier II sex offender. The error prejudicially affected the outcome by imposing more frequent and lengthy reporting requirements on him. *See State v. Davidson*, 2d Dist. Montgomery No. 29950, 2024-Ohio-1078, ¶ 26 (recognizing that a Tier I sex offender must complete in-person verification every year for 15 years, whereas a Tier II offender must complete in-person verification every 180 days for 25 years). Accordingly, we find the plain-error standard satisfied. Tyler's assignment of error is sustained.

### III. Conclusion

**{¶ 8}** The trial court's judgment is reversed with regard to Tyler's classification as a Tier II sex offender. The case is remanded for the trial court to designate him as a Tier I sex offender.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.